**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> VERONA RICKETTS, <br><br> Debtor. | Chapter 13 <br><br> Case No. 19-14630-MBK <br><br> Judge Michael B. Kaplan <br><br> **Hearing Date: Nov. 13, 2019** <br> **Hearing Time: 10:00 a.m.** |

**ATTENTION DEBTOR'S COUNSEL:**
**FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S MODIFIED CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Modified Chapter 13 Plan (the "Plan") [ECF Doc No. 48]. In support thereof, the Service respectfully represents as follows:

## **RELEVANT BACKGROUND**

1. Verona Rickets (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on March 7, 2019 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal income tax liabilities for numerous tax years. *See* Claim No. 13. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtors' "property and rights to property, whether real ***or personal***." 26 U.S.C. § 6321 (emphasis added).

3. The Service filed a proof of claim against the Debtor setting forth a total claim of $71,728.48 (the "Service Claim"), comprised of: (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $28,473.00, which amount is secured by the Tax Lien on the Debtors' scheduled real ***and personal*** property[1] (the "Secured Claim"); (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $26,228.39 (the "Priority Claim"); and (iii) a general unsecured, claim of $17,027.09. *See* Claim No. 13.

4. For the reasons described below, the Plan is not confirmable.

---

[1] *See* Debtor's Schedule A/B: Property [ECF Doc. No. 1].

2

# OBJECTION

## A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5. With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a chapter 13 plan to provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s requirements, the Plan provides for no payment of the Secured Claim. *See* Plan, Part 4. This defect renders the Plan unconfirmable.

6. In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim for the following reasons:

   a. It fails to provide that the Service will retain its liens against the property of the Debtor for the time periods required by § 1325(a)(5)(B)(i)(I)-(II).[2]

   b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton*

---

[2] It bears noting that property claimed as exempt by the Debtor under 11 U.S.C. § 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . a debt secured by a lien that is . . . a tax lien, notice of which was properly filed." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted).

3

*Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

    i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%), applies here. 11 U.S.C. § 511(a)-(b).

B. **The Plan is Not Confirmable With Respect to the Service's Priority Claim**

7. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for no payment amount with respect the Priority Claim. *See* Plan, Part 3. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

C. **The Plan is Not Confirmable Because it is Not Feasible**

8. Pursuant to Bankruptcy Code section 1325(a)(6), the Court cannot confirm a chapter 13 plan unless "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The burden of establishing this feasibility requirement rests squarely on the Debtor. *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010) ("Debtors have the burden to prove that their plans are feasible.").

9.      Here, section 1325(a)(6)'s requirement has not been met because the Debtor has committed funding of only $49,620.00 to make all payments under the Plan. Plan, Part 1.  This is less than the amount to be paid in the Service Claim alone.  *See* Claim No. 13.  Thus, the Plan is not feasible on its face.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: October 23, 2019

                                         CRAIG CARPENITO
                                       United States Attorney

                                       */s/ Eamonn O'Hagan*
                                       EAMONN O'HAGAN
                                       Assistant U.S. Attorney

                                       *Attorneys for the*
                                       *United States of America*